IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GREGORY ST. CLAIR,**<br>2014 Waterleaf Way<br>Bowie, Maryland 20721 | : : : : | |
| Plaintiff, | : : | CASE NO. |
| v. | : : | **Jury Demand** |
| **LATIN CONCEPTS, LLC, d/b/a**<br>**CHI-CHA LOUNGE,**<br>1624 U Street NW<br>Washington, DC, 20037 | : : : : : | |
| Defendant. | : : | |

## **COMPLAINT**

COME NOW Plaintiff Gregory St. Clair, by and through counsel, Jimmy A. Bell, Esq., and the Law Office of Jimmy A. Bell, P.C., and respectfully presents this complaint against the Defendant, Latin Concepts, LLC d/b/a Chi-Cha Lounge, to enforce his rights under 42 U.S.C. § 1981 and District of Columbia Human Rights Act §§ 2-1402.31.

## **JURISDICTION**

1. Plaintiff St. Clair alleges a cause of action, in part, arising under 42 U.S.C. § 1981. As this constitutes a civil action arising under the laws of the United States, federal jurisdiction is proper under 28 U.S.C. § 1331.

## **VENUE**

2. Venue is proper in the District of Columbia as the Defendant conducts business within the District of Columbia, and the acts complained of occurred within the said jurisdiction.

## **STATEMENT OF FACTS**

3. Plaintiff Gregory St. Clair ("Plaintiff") is a member of a protected class (African-American).

4. Plaintiff is a professional full-time licensed bartender.

5. Defendant Latin Concepts, LLC ("Defendant") is a limited liability company registered in the District of Columbia.

6. Defendant operates a bar/lounge located at 1624 U Street, NW, Washington, DC, 20037 (the "Chi-Cha Lounge").

7. On or about May 5, 2006, Plaintiff arrived at the Chi-Cha Lounge.

8. When he tried to gain access to the Chi-Cha Lounge, Plaintiff was stopped by an agent, employee, and/or representative of Defendant (the "Doorman").

9. The Doorman refused Plaintiff access to the Chi-Cha Lounge.

10. Upon inquiry, the Doorman told Plaintiff that Plaintiff did not meet the requirements of the dress code because Plaintiff was wearing a t-shirt and tennis shoes.

11. There is no sign on the exterior of the Chi-Cha Lounge that identifies or describes any dress code requirements for entry.

12. On May 5, 2006, Plaintiff was wearing grey New Balance shoes, freshly washed light-blue jeans, and a clean brown and turquoise t-shirt.

13. Shortly thereafter, Plaintiff saw an individual leaving the Chi-Cha Lounge.

14. The individual described in paragraph 13 was wearing a faded black t-shirt, tight blue jeans, and dingy grey tennis shoes.

15. The individual described in paragraph 13 was Caucasian.

16. Plaintiff directed the Doorman's attention to the individual described in paragraphs 13-15.

17. Plaintiff asked the Doorman why the individual described in paragraphs 13-15 was permitted in the Chi-Cha Lounge without meeting the requirements of the dress code.

18. In response to Plaintiff's inquiry described in paragraph 16, the Doorman looked Plaintiff up and down with disgust and stated that Plaintiff was "not fashionable enough," that Plaintiff's "shirt [was] too big," that Plaintiff "pants [were] too baggy," and that Plaintiff "didn't fit the mold."

19. Plaintiff looked past the Doorman into the Chi Cha Lounge and noted that the overwhelming majority of the patrons were Caucasian.

20. Immediately after the events described in paragraph 19, Plaintiff saw another individual leaving the Chi-Cha Lounge.

21. The individual described in paragraph 20 was wearing a t-shirt, jeans with holes in them, and flip-flops.

22. The individual described in paragraph 20 was Caucasian.

23. When Plaintiff asked why the individual described in paragraphs 20-22 was granted access to the Chi-Cha Lounge without meeting the requirements of the dress code and pointed out that Plaintiff wanted to have a good time and "had money to spend," the Doorman told Plaintiff, "This club isn't for you."

24. When Plaintiff asked to speak to a manager or owner, the Doorman refused to contact a supervisor, manager, or owner.

25. The Doorman told Plaintiff that if Plaintiff "had a problem, [Plaintiff] should can call the Chi-Cha Lounge later," but continued to refuse to discuss matters with Plaintiff or get a manager, supervisor, or owner, notwithstanding Plaintiff's requests.

26. After the events described in paragraph 25, the Doorman stated that "the police station is right across the street" and that the Doorman "would get the police involved" if Plaintiff remained in front of the Chi-Cha Lounge.

27. Thereafter, Plaintiff left the Chi-Cha Lounge.

## COUNT I

### UNLAWFUL DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT § 2-1402.31

28. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 27.

29. Plaintiff is a member of a protected class based on his race (African American).

30. Chi-Cha Lounge is a place of public accommodations within the scope of the District of Columbia Human Rights Act § 2-1402.02(24) and § 2-1402.31.

31. Defendant operates Chi-Cha Lounge.

32. Plaintiff was denied, directly or indirectly, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations at Chi-Cha Lounge based on Plaintiff's membership of a protected class (African-American).

33. Defendant intentionally discriminated against Plaintiff in violation of the District of Columbia Human Rights Act § 2-1402.31 on account of his race (African-American).

## COUNT II

### UNLAWFUL DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT § 2-1402.31

34. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 33.

35. Chi-Cha Lounge is a place of public accommodations within the scope of the District of Columbia Human Rights Act § 2-1402.02(24) and § 2-1402.31.

36. Defendant operates Chi-Cha Lounge.

37. Plaintiff was denied, directly or indirectly, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations at Chi-Cha Lounge based on Plaintiff's personal appearance (manner or style of dress).

38. Defendant intentionally discriminated against Plaintiff in violation of the District of Columbia Human Rights Act § 2-1402.31 on account of his personal appearance (manner or style of dress).

## COUNT III

### VIOLATION OF CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

39. Plaintiff re-pleads and re-alleges paragraphs 1 – 38 with the same force and effect as if set forth separately and at length herein.

40. Plaintiff is a member of a protected class (African American).

41. Defendant, itself and/or by and through its agent(s), employee(s), and/or representative(s) acted in a discriminatory manner that a reasonable person would find objectively unreasonable.

42. Plaintiff did not enjoy the services, privileges, benefits and protections offered to other persons outside of Plaintiff's protected class.

43. Defendant intentionally discriminated against Plaintiff in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, on account of the race (African American) of Plaintiff.

44. The discrimination by Defendant interfered with a protected activity as defined in 42 U.S.C. § 1981.

## RELIEF SOUGHT

45. Plaintiff re-pleads and re-alleges, with the same force and effect as if set forth separately and at length herein, paragraphs 1 – 44.

46. Plaintiff requests the following relief:

47. Compensatory and punitive damages in the amount of $600,000.00.

48. Pre- and post-judgment interest.

49. The costs of litigation, including reasonable attorney's fees and expert witness fees.

50. Such other relief that may be just.

## JURY DEMAND

51. Plaintiff demands a trial by jury.

    Respectfully submitted,


    _____/s/_____
    Jimmy A. Bell, Esq.
    The Law Office of Jimmy A. Bell, P.C.
    9610 Marlboro Pike
    Upper Marlboro, MD   20772
    (301) 599-7620
    (301) 599-7623 (Fax)
    Bar No. MD 14639